NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARNET BLANCHE, | : | |
| Plaintiff, | : | Civil Action No. 05-1483 (JAG) |
| | : | |
| v. | : | OPINION |
| | : | |
| NEW JERSEY PROBATION DEPARTMENT, THE COUNTY OF ESSEX, THE ESSEX COUNTY SHERIFF, et al., | : : : : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant The Superior Court of New Jersey, Essex Vicinage, Probation Division (identified in the Complaint as the "New Jersey Probation Department" and hereinafter termed the "Probation Division"). Plaintiff has filed no opposition to this motion. For the reasons stated below, the motion will be granted in part and denied in part.

**BACKGROUND**

Plaintiff alleges that, on March 18, 2003, he was arrested by officers of the Essex County Sheriff's Department on a charge of failure to comply with requirements for participation in a Pre-Trial Intervention program. He subsequently spent four days in the custody of the Essex County Sheriff's Office. It was later determined that he had actually completed the program

1

requirements but that the Probation Division had not properly informed the state court.

On March 16, 2005, Plaintiff filed a Complaint against the Probation Division, the County of Essex, the Essex County Sheriff's Office, John Does 1-10 (representing unidentified Essex County Sheriff's officers in their individual and official capacities), and Richard Roes 1-10 (representing unidentified Essex County Probation officers in their individual and official capacities). While the Complaint alleges seven counts, the Probation Division moves to dismiss the following counts: Count One (violation of 42 U.S.C. § 1983 by the Probation Division), Count Two (violation of 42 U.S.C. § 1983 by Probation officers), Count Five (false arrest and imprisonment), Count Six (infliction of emotional distress), and Count Seven (negligent hiring, training, and supervision).

## ANALYSIS

I.   Governing Legal Standards

A.   Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**II.     Defendant's 12(b)(6) Motion to Dismiss**

    A.     Counts One and Two: § 1983

The Probation Division argues persuasively that the § 1983 claims against it should be dismissed with prejudice on several grounds. First, the Eleventh Amendment to the Constitution bars any suit for damages against the State. The Supreme Court has held that, absent the State's

3

consent to suit, the Eleventh Amendment bars actions for damages in federal court against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978). The § 1983 claims against the Probation Division, as well as its unidentified officers in their official capacities, are barred by the Eleventh Amendment and will be dismissed with prejudice.

Next, the Probation Division contends that, because it is a division of the courts of the State of New Jersey, its employees are entitled to quasi-judicial immunity. It is well-settled that judges are immune from suit for actions within the scope of their duties. Imbler v. Pachtman, 424 U.S. 409, 423 (1976). In the Third Circuit, however, quasi-judicial immunity is given only to public employees who perform judge-like functions: "Quasi-judicial absolute immunity attaches when a public official's role is functionally comparable to that of a judge." Hamilton v. Leavy, 322 F.3d 776, 785 (3d Cir. 2003). Moreover, the Supreme Court has stated that judicial immunity does not protect the "administrative, legislative, or executive" acts performed by judges. Forrester v. White, 484 U.S. 219, 227 (1988).

The Complaint does not allege that Probation officers performed an adjudicative role, nor does the Probation Division contend that they did. See Antoine v. Byers & Anderson, 508 U.S. 429, 437 n.11 (1993) (duties of a court stenographer are purely administrative and ministerial; he performs no judicial function). Thus, quasi-judicial immunity cannot protect them. In this case, under the facts alleged, the officers of the Probation Division, managing a Pre-Trial Intervention program, were executing and administering a state court judge's orders. Pursuant to Forrester, such executive acts would not be protected by judicial immunity or quasi-judicial immunity.

"The proponent of a claim to absolute immunity bears the burden of establishing the

justification for such immunity." Id. at 432.  The Probation Division might argue that public policy justifies a grant of absolute immunity to Probation officers executing a judge's orders, as court employees who act as instruments of the court should be protected by the same kind of immunity that cloaks the judge.  The Probation Division, however, has not made this argument, nor raised any other valid grounds to justify a grant of absolute immunity to Probation officers in their individual capacities.  As such, this Court has no basis to find that the unidentified Probation officers are immune from suit in their individual capacities.

The Probation Division argues as well that Plaintiff's claims must be dismissed because Plaintiff has not alleged intentional discrimination or gross negligence.  This is unpersuasive.  Plaintiff alleges that he was jailed due to the negligence of Probation Division employees.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  Plaintiff's claim that he was jailed clearly implicates a liberty interest.  On this record, this Court cannot conclude that it is beyond doubt that Plaintiff can prove no set of facts to establish that Probation officers, acting in their individual capacities, were grossly negligent, causing infringement of a liberty interest.  See Davidson v. O'Lone, 752 F.2d 817, 828 (3d Cir. 1984) ("actions may be brought in federal court under § 1983 when there has been infringement of a liberty interest by intentional conduct, gross negligence or reckless indifference.")  Count Two, as to the unidentified Probation officers in their individual capacities, survives the motion to dismiss.

    B.    Count Five: False Arrest

Count Five appears to include both a claim under state law and a § 1983 claim.  Count

Five does not expressly invoke § 1983, as Counts One through Four do, but it does allege harm due to deprivation of federal Constitutional rights under color of state law, which implies a § 1983 claim.  It also claims false arrest and imprisonment, which New Jersey recognizes as actionable torts under the common law.  See, e.g., DelaCruz v. Borough of Hillsdale, 183 N.J. 149, 153 (2005).

Due to the mixed nature of Count Five, the motion to dismiss will be granted in part and denied in part.  As to the Count Five § 1983 claim against the Probation Division and the Probation officers in their official capacities, the motion to dismiss will be granted in part for the reasons stated above, and the Count Five § 1983 claim against the Probation Division and the Probation officers in their official capacities will be dismissed with prejudice.  As to the Count Five § 1983 claim against the Probation officers in their individual capacities, the motion to dismiss will be denied in part for the reasons stated above, and the Count Five § 1983 claim against the Probation officers in their individual capacities survives the motion to dismiss.

The Count Five state law claims for false arrest and false imprisonment also survive the motion to dismiss.  First, the Probation Division did not include the state law claims in Count Five in its arguments for dismissal, to be discussed below, pursuant to the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1.  This Court notes, however, that the NJTCA specifically exempts false arrest and false imprisonment claims from its scope.  N.J. Stat. Ann. § 59:3-3; see also DelaCruz, 183 N.J. at 162.

   C. Counts Six and Seven: State Law Claims

The Probation Division contends that the claim for negligent infliction of emotional distress (one component of Count Six) must be dismissed because New Jersey law requires that

6

the Plaintiff allege that he observed a death or accidental injury, which he has not done.  This is incorrect as a statement of New Jersey law.  New Jersey recognizes a variety of actions for negligent infliction of emotional distress.  Carey v. Lovett, 132 N.J. 44, 55 (1993).  The Probation Division has incorrectly characterized the test used in so-called "bystander" cases as the test used in every kind of negligent infliction of emotional distress case.  New Jersey does not restrict actions for negligent infliction of emotional distress to cases of indirect injury.  Rather, the New Jersey Supreme Court has refused to limit plaintiffs' right to sue based on such categorizations, stating that it is more important for courts to decide this class of cases based on traditional tort principles.  Id. at 57.  This argument does not provide a basis to dismiss the claim for negligent infliction of emotional distress in Count Six.

The Probation Division next contends that the claims under state law, Counts Six and Seven, should be dismissed because the Probation Division and its employees are immune from suit under the NJTCA.  Defendant supports this position with four arguments.

First, the Probation Division points to § 59:2-3(b), which exempts from suit "administrative action or inaction of a legislative or judicial nature," arguing that the act of communicating information about completion of Pre-Trial Intervention program requirements is such action.  This argument is undercut by the title of this section, "Discretionary activities," which, if it is to have meaning, must be interpreted as limiting § 59:2-3(b) to discretionary acts.  This is consistent with the long-established principle which limits judicial immunity to discretionary acts.  See Antoine, 508 U.S. at 436.  The Probation Division does not argue that the reporting of program completion information is a discretionary act, nor does it appear to be: it is purely administrative and does not call for the exercise of any discretion.  Section 59:2-3(b) does

7

not protect the Probation Division from these state law claims.

Next, the Probation Division points to this language: "A public employee is not liable if he acts in good faith in the execution or enforcement of any law." N.J. Stat. Ann. § 59:3-3.  In managing the Pre-Trial Intervention program, the Probation officers acted in execution of the law.  Plaintiff has not alleged that the Probation officers did not act in good faith.  This alone provides a basis to dismiss the state law claims.

Third, the Appellate Division of New Jersey Superior Court has interpreted the misrepresentation provision of the NJTCA broadly.  Section 59:3-10 states: "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation."  The Appellate Division has applied this provision broadly to errors in disseminating information, and it has made clear that the NJTCA protects public entities and employees from liability for the kind of ministerial mistakes alleged in this case.  Simon v. Nat'l Cmty. Bank, 660 A.2d 558, 563 (N.J. Super. Ct. App. Div. 1995).  This provides an additional ground to dismiss the state law claims.

Lastly, the Probation Division contends that Plaintiff has failed to meet the notice requirements of § 59:8-3 of the NJTCA.  At this stage, this Court cannot look beyond the Complaint to ascertain whether the notice requirements have or have not been met.  Plaintiff has, however, failed to plead timely notice under the NJTCA, and this provides an additional ground to dismiss the state law claims.  These state law tort claims – Counts Six and Seven – will be dismissed without prejudice.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss Plaintiff's Complaint is granted in part and denied in part. As to Count One, the motion to dismiss is granted, and Count One is dismissed with prejudice. As to Count Two, the motion to dismiss is granted in part and denied in part. As to the Probation Division officers in their official capacities, Count Two is dismissed with prejudice. As to the Probation Division officers in their individual capacities, the motion to dismiss is denied in part, and this part of Count Two survives the motion to dismiss. As to the Count Five § 1983 claim against the Probation Division and the Probation Division officers in their official capacities, the motion to dismiss is granted in part, and the Count Five § 1983 claim against the Probation Division and the Probation Division officers in their official capacities is dismissed with prejudice. As to the Count Five § 1983 claim against the Probation Division officers in their individual capacities, the motion to dismiss is denied in part, and the Count Five § 1983 claim against the Probation Division officers in their individual capacities survives the motion to dismiss. The Count Five state law claims for false arrest and false imprisonment also survive the motion to dismiss. As to Counts Six and Seven, the motion to dismiss is granted, and Counts Six and Seven against the Probation Division and its officers are dismissed without prejudice. As to the claims dismissed without prejudice, Plaintiff is granted leave to amend the Complaint within 45 days of the filing of this Opinion.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: August 28, 2006